| DISTRICT COURT OF THE VIRGIN ISLANDS |
| :---: |
| DIVISION OF ST. CROIX |

| | |
| --- | --- |
| **UNITED STATES OF AMERICA,** | |
| Plaintiff, | 2009-CR-0003 |
| v. | |
| **ISSAM SAID,** | |
| Defendant. | |

TO:   Allan John-Baptiste, Esq., AUSA
      Darwin K. Carr, Esq.

### ORDER

THIS MATTER came before the Court upon Defendant's Motion to Enforce Plea Agreement (Docket No. 24). A hearing was held on March 25, 2009. The government was represented by Allan John-Baptiste, Esq., AUSA; and Darwin K. Carr, Esq., appeared on behalf of Defendant. Defendant also was present. Thereafter, the Court requested additional briefing from counsel. The government filed a supplemental response. The time for filing such supplemental memoranda now has expired.

Having reviewed the written documents and heard the arguments of counsel and upon due consideration thereof, the Court makes the following findings and conclusions.

*United States v. Said*
2009-CR-0003
Order
Page 2

In the absence of any statutory or case law to the contrary, the Court finds that the undersigned has authority to rule upon the said motion.

The Court further finds that Defendant is not entitled to specific performance of the plea agreement, based upon the reasoning applied in *Government of the Virgin Islands v. Scotland*, 614 F.2d 360 (3d. Cir. 1980). Similar to the facts presented at bar, the defendant in *Scotland* accepted a plea offer from the government. However, after such acceptance, but before the plea was accepted by the court, the government added an additional term, to which the defendant refused to agree, and the government withdrew the agreement. The defendant moved to compel specific performance of the original agreement he had accepted. The United States Court of Appeals for the Third Circuit held that the defendant could enforce the original agreement only if he could demonstrate that he relied upon such agreement to his detriment. *Id*. at 365. As in *Scotland*, Defendant in the matter at bar has not claimed or presented any evidence of such detrimental reliance.

Moreover, as the record reflects, Defendant's plea agreement was never presented to nor accepted by the Court. Based upon its holding in *Scotland*, the Third Circuit declared, in *United States v. Gonzalez*, 918 F.2d 1129 (3d Cir. 1990), "[W]e refuse enforcement of the withdrawn plea agreement. Here, agreement was never reached, the proposal was withdrawn and the agreement was never presented to the district court. It is axiomatic that

*United States v. Said*
2009-CR-0003
Order
Page 3

a plea agreement is neither binding nor enforceable until it is accepted in open court." *Id*. at 1133. Applying this principle to the matter at bar, the Court finds that the plea agreement at issue is not enforceable.

WHEREFORE it is now hereby **ORDERED**:

1. Defendant's Motion to Enforce Plea Agreement (Docket No. 24) is **DENIED**.

2. Trial in this matter is **CONTINUED** from March 30, 2009, to **April 15, 2009, at 9:30 a.m**.

ENTER:

Dated: March 31, 2009  /s/ George W. Cannon, Jr.
GEORGE W. CANNON, JR.
U.S. MAGISTRATE JUDGE